# Exhibit A

| | |
|---|---|
| STATE OF INDIANA | IN THE CIRCUIT COURT |
| COUNTY OF VANDERBURGH | Case No: **82C01-1807-CT-004140** _____ |

JAMES COFFEY, )
)
)
      Plaintiff, )
)
v. )
)
RONALD D. ROMAIN, individually and as )
President of Professional Transportation, Inc., )
PROFESSIONAL TRANSPORTATION, INC., )
a for-profit Indiana corporation, )
)
)
      Defendants. )
)

# COMPLAINT

    COMES NOW, plaintiff James Coffey, by and though his attorney Joseph H. Cassell of Eron Law, P.A., and brings this cause of action for unpaid minimum wage and overtime against pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), against defendants Ronald D. Romain, individually and as president of Professional Transportation, Inc., and Professional Transportation, Inc., an Indiana corporation, alleges and states as follow:

    1.    Plaintiff is a resident of the state of West Virginia.

    2.    Defendant Ronald D. Romain is a resident of the state of Indiana and Vanderburgh County.

    3.    Defendant Professional Transportation, Inc. ("PTI") is a for-profit corporation, formed under the laws of the State of Indiana with its headquarters located in Evansville, Vanderburgh County, Indiana.

4. Romain is president of PTI and employer as defined by 29 U.S.C. § 203.

5. PTI is an employer as defined by 29 U.S.C. § 203.

6. Intent on becoming a putative class member, plaintiff previously opted into <u>Smith v. Professional Transportation, Inc.</u>, Civil Action No. 13-CV-221 (S.D. Ind.).

7. Plaintiff's Consent to Opt-In was filed in <u>Smith</u> on April 16, 2014.

8. On January 26, 2018, Judge Richard Young granted defendants' Motion to Decertify the collective class in <u>Smith</u>.

9. PTI provides ground (non-rail) transportation services to several rail carriers.

10. Among the transportation services PTI provides the rail carriers is:

   A. Over-the-road transportation.

   B. Yard or local (immediate vicinity) transportation.

11. Over-the-road transportation services can include:

   A. Deadheading of crews where PTI transports crews from one location to another;

   B. Transporting crews who are relieving train crews whose time has expired or will expire under the hours of service law, prior to the train reaching the destination;

   C. Assisting crews with local, road switcher or work train activities;

   D. Other activities as may be requested by the rail carrier.

12. Defendants also provide local or dedicated yard van ("DYV") service.

13. DYV service may include:

   A. Providing transportation in or about a rail carrier's yard.

   B. Transporting crews to and from the rail carrier's yard to and from the crews away from home terminal hotel.

   C. Other local transportation as the rail carrier may request.

14. Plaintiff was initially hired in March 2011 as a driver.

15. From his initial hiring, plaintiff mainly worked as an over-the-road driver.

16. Beginning in September of 2012, plaintiff was promoted to the position of "Branch Administrator" ("BA") at PTI's Weller, Virginia branch office.

17. As a BA, plaintiff was the first point of contact at PTI's branch office for PTI's rail carrier customers, the drivers who were assigned to plaintiff's branch office location, as well as for PTI itself.

18. Among plaintiff's duties were:

   A. Accepting driver applications;

   B. Interviewing driver applicants;

   C. Performing drug and alcohol testing of applicants;

   D. Performing drug and alcohol testing on existing drivers;

   E. Perform new hire orientation;

   F. Conduct safety training on newly hired drivers;

   G. Conduct on-going safety training of existing drivers;

   H. Make recommendations as to the suitability of driver applicants;

   I. Initiate discipline of existing drivers;

   J. Recommend the termination of existing drivers;

   K. Conduct exit interviews of drivers to be terminated;

   L. Interface with the rail carrier's local management concerning PTI's performance and any concerns raised by the rail carrier;

   M. Submit payroll inquiries on behalf of the drivers under plaintiff's management;

   N. Respond to any accident that involved a PTI driver under plaintiff's management or as requested by PTI;

      O.      Initiate and respond to reports of company rules violations of driver's under plaintiff's management;

      P.      Submit payroll information of driver activities to PTI;

      Q.      Respond to any inquiry that PTI and/or its dispatch may have regarding the status of a driver, problem associated with a driver or any problem that may arise with a trip and/or driver already on a trip.

19. PTI, like the rail carriers it serves, operates on a 24/7/365 basis.

20. Upon being promoted to BA, PTI entered into a contract with plaintiff.

21. The contract between plaintiff and PTI set forth the number of hours PTI allotted plaintiff to accomplish his job duties as a BA.

22. Plaintiff was also expected to perform driving activities to supplement his income while working as a BA.

23. PTI allotted plaintiff 22 hours per week to accomplish his job duties as a BA.

24. As a BA, plaintiff was paid $17.05 per hour for his job duties as a BA.

25. As a BA, defendants considered plaintiff to be non-exempt employee under the FLSA and eligible for overtime compensation at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a week.

26. Defendants would call plaintiff on the telephone regarding issues that arose at his branch location on a 24 hour a day basis.

27. Plaintiff was not allowed to not answer the telephone without the fear of disciplinary action being taken against him.

28. Plaintiff was further required to attend to any and all business that involved defendants operations, regardless of the time of day or how many hours he had previously worked in his capacity as a BA.

29. Defendants did not track the number of hours plaintiff was working while performing his duties as a BA on defendants' behalf.

30. While employed as a BA, plaintiff's BA salary never met or exceeded $455 per week on a salary basis for plaintiff to qualify as exempt from overtime under the FLSA.

31. Under the FLSA, 29 U.S.C. § 213(a), "The provisions of section 206 [minimum wage] * * * and section 207 [maximum hours] of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, or professional capacity . . . ."

32. Plaintiff performs such duties and functions as to fall under the so called "executive exemption" of the FLSA.

33. Due to this compensation, plaintiff was improperly classified as "exempt," and therefore, is eligible for the protections offered by 29 U.S.C. § 206, minimum wage, and 29 U.S.C. § 207, maximum hours or the overtime.

34. As a direct result of being misclassified as exempt, all hours worked by plaintiff in each week he was classified and performing the duties of a salary exempt employee, acting in a bona fide "executive" capacity, and not compensated at least $455 per week on a salary basis, are to be counted and considered for minimum wage and overtime damage purposes.

WHEREFORE, plaintiff James Coffey prays for judgment against defendants, Ronald D. Romain and Professional Transportation, Inc., as follows:

A. Judgment for compensatory damages against defendants for their willful failure to pay minimum wages and overtime compensation at one and one-half times the regular rate of pay for the performance of his duties as a BA;

      B.      Liquidated damages equal to the sum of the compensatory damages for defendants' willful refusal to pay such required minimum wages and overtime compensation based on the FLSA;

      C.      Attorney fees and costs associated with all causes of action and

      D.      All other relief this court deems just and equitable.

ERON LAW, P.A.
229 E. William, Suite 100
Wichita, Kansas 67202
Telephone: (316) 262-5500
e-mail: jhcassell@eronlaw.net

By:    /s/Joseph H. Cassell
Joseph H. Cassell #10557-98
Attorneys for plaintiff

### REQUEST FOR TRIAL BY JURY

Plaintiff requests a trial by jury on all issues so triable.

/s/Joseph H. Cassell

STATE OF INDIANA           )         IN THE CIRCUIT COURT
                           )         Case No: **82C01-1807-CT-004140**
COUNTY OF VANDERBURGH      )                  _____


JAMES COFFEY,                          )
                                       )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
RONALD D. ROMAIN, individually and as  )
President of Professional Transportation, Inc., )
PROFESSIONAL TRANSPORTATION, INC.,     )
a for-profit Indiana corporation,      )
                                       )
                                       )
        Defendants.                    )
_____)


### **ENTRY OF APPEARANCE**

1. The party on whose behalf this form is being filed is:

    Initiating __X__     Responding ____     Intervening ____ ; and

    the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

    Name of party:          James Coffey
    Address of party:       202 E. Lovers Lane, Glasgow, KY 42141
    Telephone # of party    (276) 728-6682

2. Attorney information for service as required by Trial Rule 5(B)(2)

    Name:         Joseph H. Cassell     Atty Number:  10557-98
    Address:      229 E. William, Suite 100, Wichita, Kansas 67202
    Phone:        316-262-5500
    Facsimile:    316-262-5559
    Email Address: jhcassell@eronlaw.net

    Each attorney specified on this appearance:

    (a)    certifies that the contact information listed for him/her on the Indiana Supreme

        Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3. This is a CT case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes ____ No _X___

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes ____ No __X__

This case involves a petition for involuntary commitment. Yes ____ No _X___

~~6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:~~

~~a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above:~~
~~_____~~
~~b. State of Residence of person subject to petition: _____~~
~~c. At least one of the following pieces of identifying information:~~
~~(i) Date of Birth _____~~
~~(ii) Driver's License Number _____~~
~~State where issued _____ Expiration date _____~~
~~(iii) State ID number _____~~
~~State where issued _____ Expiration date _____~~
~~(iv) FBI number _____~~
~~(v) Indiana Department of Corrections Number _____~~
~~(vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____~~

7. There are related cases: Yes ____ No __X__

8. Additional information required by local rule: None

9. There are other party members: Yes ____ No _X___

10. This has been served on all other parties and Certificate of Service is attached: Yes___ No _X___

                                        ERON LAW, P.A.
                             229 E. William, Suite 100
                              Wichita, Kansas 67202
                          Telephone: (316) 262-5500
                             e-mail: jhcassell@eronlaw.net
By:     /s/Joseph H. Cassell
          Joseph H. Cassell #10557-98
              Attorneys for plaintiff

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE CIRCUIT COURT |
| | ) | |
| COUNTY OF VANDERBURGH | ) | Case No: __82C01-1807-CT-004140__ |

JAMES COFFEY,                                   )
                                                )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )
                                                )
RONALD D. ROMAIN, individually and as           )
President of Professional Transportation, Inc., )
PROFESSIONAL TRANSPORTATION, INC.,              )
a for-profit Indiana corporation,               )
                                                )
                                                )
        Defendants.                             )
                                                )

## SUMMONS

TO DEFENDANT:    Connie S. Romain, Resident Agent
                 Professional Transportation, Inc.
                 3700 E. Morgan Avenue
                 Evansville, Indiana 47715

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23)- days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: July ___, 2018

_/s/ Barbara Burgdorf_
_____
Clerk, Vanderburgh Circuit Court

The following manner of service of summons is hereby designated:

**Service on Connie S. Romain, Resident Agent**

| | |
|---|---|
| Joseph H. Cassell #10557-98 | |
| ERON LAW, P.A. | Vanderburgh County Circuit Court |
| 229 E. William, Suite 100 | 1 N.W. Martin Luther King, Jr. Blvd. |
| Wichita, Kansas 67202 | Evansville, Indiana 47708-1833 |
| Telephone: (316) 262-5500 | Telephone: (812) 435-5000 |
| e-mail: jhcassell@eronlaw.net | |
| Attorney for plaintiff | |

### SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of July, 2018

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant,

(2)  By leaving a copy of the Summons and a copy of the complaint at 3700 E. Morgan Avenue, Evansville, Indiana 47715, which is the registered and/or business office of Connie S. Romain, Resident Agent, and by mailing a copy of said summons to said defendant at the above address.

(3)  Other Service or Remarks: _____

Sheriff's Costs:_____          Sheriff Dave Wedding

                                By:  _____
                                     Deputy Sheriff, Vanderburgh County

| STATE OF INDIANA | ) | IN THE CIRCUIT COURT |
|---|---|---|
| | ) | |
| COUNTY OF VANDERBURGH | ) | Case No: 82C01-1807-CT-004140 |

| | |
|---|---|
| JAMES COFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RONALD D. ROMAIN, individually and as President of Professional Transportation, Inc., PROFESSIONAL TRANSPORTATION, INC., a for-profit Indiana corporation, | ) |
| | ) |
| Defendants. | ) |

**SUMMONS**

TO DEFENDANT:   Ronald D. Romain
10500 Wilmington Drive
Evansville, Indiana 47725

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23)- days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: July ___, 2018



/s/ Barbara Burgdorf
Clerk, Vanderburgh Circuit Court

The following manner of service of summons is hereby designated:

**Personal Service on Ronald D. Romain**

Joseph H. Cassell #10557-98
ERON LAW, P.A.
229 E. William, Suite 100
Wichita, Kansas 67202
Telephone: (316) 262-5500
e-mail: jhcassell@eronlaw.net
Attorneys for plaintiff

Vanderburgh County Circuit Court
1 N.W. Martin Luther King, Jr. Blvd.
Evansville, Indiana 47708-1833
Telephone: (812) 435-5000

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the ____ day of July, 2018

(1)  By delivering a copy of the Summons and a copy of the complaint to the defendant,

(2)  By leaving a copy of the Summons and a copy of the complaint at 10500 Wilmington Drive, Evansville, Indiana 47725, which is the dwelling place or usual place of abode of Ronald D. Romain and by mailing a copy of said summons to said defendant at the above address.

(3)  Other Service or Remarks: _____


Sheriff's Costs:_____                                Sheriff Dave Wedding


                                                            By:  _____
                                                                 Deputy Sheriff, Vanderburgh County

| STATE OF INDIANA | ) | IN THE CIRCUIT COURT |
|---|---|---|
| COUNTY OF VANDERBURGH | ) ) | Case No. 82C01-1807-CT-004140 |

JAMES COFFEY,                )
                             )
         Plaintiff,          )
                             )
v.                           )
                             )
RONALD D. ROMAIN, individually and as )
President of Professional Transportation, Inc., )
PROFESSIONAL TRANSPORTATION, INC., )
a for-profit Indiana corporation, )
                             )
         Defendants.         )



## SUMMONS

TO DEFENDANT:   Ronald D. Romain
                10500 Wilmington Drive
                Evansville, Indiana 47725

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23)- days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated: July ___, 2018

/s/ Barbara Burgdorf
Clerk, Vanderburgh Circuit Court

| STATE OF INDIANA | ) | IN THE CIRCUIT COURT |
|---|---|---|
| | ) | |
| COUNTY OF VANDERBURGH | ) | Case No: 82C01-1807-CT-004140 |

JAMES COFFEY,  )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
RONALD D. ROMAIN, individually and as )
President of Professional Transportation, Inc., )
PROFESSIONAL TRANSPORTATION, INC., )
a for-profit Indiana corporation, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

RECEIVED
AUG 01 2018
Vanderburgh Co. Sheriff's Office

Vanderburgh County
Sheriff's Office
RETURN OF SERVICE
Date Served: 8/1/2018
Service Obtained:
☐ C/A
☑ Personal
☐ [illegible]
☐ Other
Deputy: [signature]

## SUMMONS

TO DEFENDANT:　　Connie S. Romain, Resident Agent
　　　　　　　　　　　　Professional Transportation, Inc.
　　　　　　　　　　　　3700 E. Morgan Avenue
　　　　　　　　　　　　Evansville, Indiana 47715

　　　You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

　　　The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

　　　An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23)- days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

　　　If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Barbara Burgdorf
Dated: July ___, 2018　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Clerk, Vanderburgh Circuit Court

[SEAL: VANDERBURGH COUNTY COURTS INDIANA]